# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Vernon Lawson and Lavernia
Luckett Lawson,

                              Case No. 12-cv-14326

                  Plaintiffs,     Hon. Judith E. Levy

                              Mag. Judge Michael J. Hluchaniuk

v.

Bank of America, N.A., et al.,

                  Defendants.

_____/

# OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [25] AND TO SHOW CAUSE

This matter is before the Court on plaintiffs' Motion for Reconsideration of the Court's September 4, 2014 Order Granting Defendants' Motion to Dismiss. (Dkt. 25.) For the reasons set forth below, the motion will be denied.

## I.    Standard

To prevail on a motion for reconsideration, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled

but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e). *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006).

Motions for reconsideration should not, however, be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). A motion for reconsideration thus "is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have presented earlier." *Gowens v. Tidwell*, No. 10-10518, 2012 WL 4475352, at *1 (E.D. Mich. Sept. 27, 2012) (citing *Sault St. Marie v. Engle*r, 146 F.3d 367, 374 (6th Cir.1998)); *accord Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir.2007) (noting "[i]t is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued"); *Owner–Operator Indep. Drivers v. Arctic*

2

*Express, Inc.*, 288 F.Supp.2d 895, 900 (S.D. Ohio 2003) (stating that "[m]otions for reconsideration do not allow the losing party ... to raise new legal theories that should have been raised earlier.").[1]

Accordingly, "a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Shah v. NXP Semiconductors USA, Inc.*, 507 F. App'x 483, 495 (6th Cir. 2012) (affirming denial of motion for reconsideration brought under local rules of Eastern District of Michigan); *accord Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014) (holding party may not introduce evidence for the first time in a Rule 59(e) motion that could have been presented earlier). "If district judges were required to consider evidence newly

---

[1] Plaintiffs' assertion that "A motion for reconsideration must presented [*sic*] new issues" is simply wrong. The case cited by plaintiffs, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 544 (6th Cir. 2004), concerned a motion for relief from judgment under Fed. R. Civ. P. 60(b), not a motion for reconsideration, which falls under Fed. R. Civ. P. 59(e). *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990) ("Motions for reconsideration of a judgment are construed as motions to alter or amend the judgment.") Plaintiffs have not brought a Rule 60(b) motion here. Besides, only new arguments based on one of the grounds for relief specified in Rule 60(b) can support a Rule 60(b) motion. *See Westport Ins. Corp. v. Goldberger & Dubin, P.C.*, 255 F. App'x 593, 595 (2d Cir. 2007) ("New arguments based on hindsight regarding how a movant would have preferred to have argued its case do not provide grounds for Rule 60(b) relief."). Plaintiffs have not shown the presence of any of the grounds that could justify relief under Rule 60(b).

presented but not newly discovered after judgment, there would be two rounds of evidence in a great many cases." *Navarro v. Fuji Heavy Industries, Ltd.*, 117 F.3d 1027, 1032 (7th Cir. 1997).

Whether to strike new evidence or only to disregard it is within the district court's discretion. *See, e.g., Int'l Union, United Auto., Aerospace, & Agricultural Implement Workers of Am. v. Aguirre*, 410 F.3d 297, 304 (6th Cir. 2005) (reviewing district court's striking of affidavit under abuse-of-discretion standard).

## II.   Analysis

The factual background to this case is recounted in the Court's September 4, 2014 Opinion and Order (Dkt. 24) and is adopted here.

### A.   Plaintiffs' Exhibits A, B, D, and F to their Motion for Reconsideration are new evidence and will be stricken

As an initial matter, plaintiffs have attached six exhibits to their motion.  Four of these – Exhibits A, B, D, and F – constitute new evidence that plaintiffs failed to submit earlier.  Plaintiffs have not shown these four exhibits – all dated before plaintiffs filed their response to defendant's motion to dismiss – could not have been submitted earlier, specifically, with their July 16, 2014 response to

defendant's motion to dismiss.    These four exhibits will therefore be stricken. *See Shah*, 507 F. App'x at 495.

Exhibit A is a letter from defendant Saxon to plaintiff Vernon Lawson, dated February 28, 2012.  (Dkt. 25-2.)  Plaintiffs have not previously submitted this letter, nor have they shown that they could not have submitted it earlier.  Exhibit A will be stricken.

Exhibits B and D comprise a series of letters and statements from Countrywide Home Loans and Countrywide Bank to Vernon Lawson, dated May 1, 2006, July 1, 2006, January 18, 2009, and January 28, 2009.  (Dkt. 25-3, 25-5.)  Plaintiffs have not previously submitted these documents, nor have they shown that they could not have submitted them earlier.  Exhibits B and D will be stricken.

Exhibit C is a copy of the decision in *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909 (2011).  (Dkt. 25-4.)  The decision is a matter of public record and does not qualify as new evidence.  Exhibit C will not be stricken.

Exhibit E comprises a copy of the Notary Public Complaint filed by Mr. Lawson in Texas; several letters between Mr. Lawson and the

office of the Texas Secretary of State, dated April 9 and October 23, 2012, and February 20 and August 1, 2013;   and a copy of a section of the Texas Administrative Code.  (Dkt. 25-6.)  Plaintiffs have previously submitted these materials with their response to defendant's motion to dismiss; Exhibit E will not be stricken.

Exhibit F comprises a notice from Ocwen Loan Servicing, LLC to Mr. Lawson, dated June 18, 2013, and an Annual Escrow Account Disclosure Statement from Ocwen to Mr. Lawson, dated July 3, 2014. Plaintiffs have not previously submitted these documents, nor have they shown that they could not have submitted them with their July 16, 2014 response to defendant's motion to dismiss.   Exhibit F will be stricken.

As discussed below, plaintiffs' new evidence, even if properly considered on this motion, would not change the outcome.

**B.   Plaintiffs have failed to demonstrate a palpable defect in the Court's Opinion and Order**

Plaintiffs' central argument is that the assignment of the Note and Mortgage from MERS to defendant [hereinafter "Assignment"] was invalid for three reasons: (1) MERS could not transfer the Note or the

Mortgage, because it did not hold the Note, (2) the Assignment was fraudulently notarized, and (3) BAC Home Loans obtained the Mortgage by an earlier merger, but failed to record the Mortgage, and was thus unable to later transfer to defendant the right to foreclose the Mortgage.   Plaintiffs have raised these arguments before; for this reason alone, their motion will be denied.  *See* E.D. Mich. L.R. 7.1(h)(3). The Court will nonetheless again explain why plaintiffs' arguments lack merit.

### 1.   Plaintiffs' ability to challenge the Assignment

As an initial matter, plaintiffs claim the Court erred in finding they lack standing to challenge the Assignment.  In support, plaintiffs cite an opinion from this district, *Keyes v. Deutsche Bank Nat'l Trust Co.*, 921 F. Supp. 2d 749, 756-57 (E.D. Mich. 2013), in which the court held that "[i]n cases where the foreclosing party was not the holder of the note but only a holder of the mortgage . . . a plaintiff is able to assert a challenge to the assignment that would render it valid, ineffective, or void."  Plaintiffs maintain that here, the Note and Mortgage are held by separate entities, entitling plaintiffs to challenge the Assignment.

As discussed below, plaintiffs have not alleged facts supporting their claim that the Note was assigned to a trust. And the Assignment shows that both the Note and the Mortgage were assigned to defendant. Plaintiffs have not shown the Note and Mortgage were held by different entities, and therefore lack standing to challenge the Assignment.

2.   MERS' ability to transfer the Note and Mortgage

Even if plaintiffs could challenge the Assignment, "[w]hether the plaintiffs' challenge prevails . . . is a separate question." *Keyes*, 921 F. Supp. 2d at 757.

Plaintiffs claim the Court palpably erred in finding that "there is a recorded assignment of the mortgage and note from the original mortgagee, Countrywide Bank, through its nominee MERS, to defendant Bank of America." (Dkt. 24, Opinion and Order 11-12.)

There is no palpable error here. The Assignment was indisputably recorded: it is stamped at the top right, "Bernard J. Youngblood, Wayne County Register of Deeds, November 08, 2011, 01:56 PM, Liber 49456, Page 530-531." (Dkt. 16-3, Ex. 2 to Def.'s Mot. Dismiss, Assignment.) And the Assignment expressly provides for the

transfer of the Mortgage "together with the note or notes therein described or referred to," from Countrywide Bank, through its nominee MERS, to defendant.  (Id.)

Plaintiffs next argue that "Countrywide Bank, through its nominee MERS, never held plaintiffs [*sic*] note which would give rise to nominee MERS's ability to transfer the both [*sic*] the mortgage and note via assignment to BANA on November 8, 2011."  (Dkt. 25, Pls.' Mot. 4.) Plaintiffs contend the Note and Mortgage were both held by US Bank National, as trustee of a mortgage loan trust.  In support, plaintiffs previously submitted a copy of a Pooling and Service Agreement (PSA) governing HarborView Mortgage Loan Trust 2005-10.  (Dkt. 20-5, Ex. E to Pls.' Resp.)  Plaintiffs now also point to a February 28, 2012 letter from Saxon, in which "defendants referred to plaintiffs' mortgage as a deed of trust."  (Dkt. 25, Pls.' Mot. 3; Dkt. 25-2, Ex. A to Pls.' Mot.)

As indicated above, the February 28, 2012 letter will be stricken. Even if the letter were properly considered here, it does not refer to plaintiffs' mortgage as a deed of trust.  Rather, the letter refers to "your . . . mortgage or deed of trust."  (Dkt. 25-2 at 3, 4.)  The same instrument cannot be both.  *See* Black's Law Dictionary (10th ed. 2014),

9

*s.v.* "deed".  The phrase is obviously not meant to specify which type of security instrument applies in plaintiffs' case.

The Court has already addressed the PSA, finding plaintiffs failed to allege any facts supporting the claim that the Note and Mortgage were assigned to the trust governed by the PSA.  (Dkt. 24, Opinion and Order 16-17.)  In fact, plaintiffs themselves argued, in their response to defendant's motion to dismiss, that "there is no assignment filed in the register of deeds between August 1 and August 31 of 2005" – namely, the opening and closing dates of the trust governed by the PSA.  Plaintiffs further maintained that "the original note and mortgage was [*sic*] <u>obviously never transferred from MERS, Saxon, or BAC /</u> <u>Countrywide to the depositor and the depositor never transferred the</u> <u>original note and mortgage to trustee US Bank</u>."  (Dkt. 20, Pls.' Resp. 16 (emphasis added).)   As the Court has previously stated, "[i]f the mortgage and note were never transferred to the trust depositor or the trustee, it stands to reason that the mortgage and note were not subject to the trust's PSA."  (Dkt. 24, Opinion and Order 17.)  *See Nelson v. BAC Home Loans Servicing*, No. 11-14433, 2012 WL 2064383, at *4 (E.D. Mich. June 7, 2012).

10

Even if Countrywide had, in fact, assigned the Note to a trust –
and again, there is no record of such an assignment – the Mortgage
expressly names MERS as nominee "for Lender and Lender's successors
and assigns." (Mortgage 3 (emphasis added).)  "Lender's successors and
assigns" would include the trustee, US Bank National.  *See Carmack v.
Bank of New York Mellon*, 534 F. App'x 508, 515 (6th Cir. 2013).  MERS
would thus have retained the power to assign the Mortgage and to
foreclose and sell the property.  *See id.*; *Residential Funding Co., L.L.C.
v. Saurman*, 490 Mich. 909, 909-910 (2011) (entity holding mortgage,
but not note, can foreclose under Michigan nonjudicial foreclosure
statute).

In sum, plaintiffs have failed to allege facts, or submit evidence,
raising a plausible inference that MERS could not transfer the Note or
Mortgage to defendant.

3.   Plaintiffs' allegations of notary fraud are not plausible

Plaintiffs raise a new argument regarding the alleged Texas
notary fraud: that the Assignment "could not have been filed in any
register of deeds in Michigan, unless a certificate attached thereto

11

accompanied the assignment, as so stated in MCL 565.10." (Dkt. 25, Pls.' Mot. Recon. 5.) Even if this argument were properly considered on a motion for reconsideration, it still fails.

The first problem with this argument is that the Assignment was, in fact, filed in the Wayne County Register of Deeds. (Dkt. 16-3, Ex. 2 to Def.'s Mot.) Plaintiffs have nowhere alleged otherwise. The second problem is that the certificate of acknowledgment required by Mich. Comp. Laws § 565.10 is in plain view on the face of the Assignment. (Id.) All section 565.10 requires is that the official taking the acknowledgment "shall attach [to the deed] the seal of his office." The Texas notary's seal is present on the Assignment. (Assignment 1.)

Plaintiffs otherwise simply rehash their arguments regarding the discrepancy between the date of the Assignment and the date of the notary's acknowledgment. Specifically, plaintiffs claim the Court failed to consider their notary complaint and the determination letters from the state of Texas.

The Court is not obligated to address in detail every argument raised by plaintiffs, particularly when an argument is plainly without

merit. Here, nothing in the Texas determination letters supports plaintiffs' allegations of fraud. What the letters show is this: the notary failed to provide plaintiffs with the record of her journal entry pertaining to notarization of the Assignment. Plaintiffs filed a complaint with the Texas Secretary of State. The Secretary of State made multiple unsuccessful attempts to contact the notary. Some months later, the notary resigned her commission. There is no mention of a fraud determination by the Secretary of State, nor anything else in the letters that gives rise to an inference of fraud. The only discussion of fraud is in plaintiffs' notary complaint.

More importantly, plaintiffs' notary fraud argument simply makes no logical sense. The Assignment is dated November 2, and the notary block is dated November 11. The alleged fraud is that the person executing the Assignment on behalf of MERS was not in front of the notary when the Assignment was notarized on November 11. But it is undisputed that the Assignment was recorded with the Wayne County Register of Deeds on November 8. Plaintiffs' fraud theory thus requires believing that the notary somehow notarized the Assignment – specifically, the copy of the Assignment filed with the Register of Deeds

13

– after it had been recorded.  How exactly did this happen?  Plaintiffs do not explain.

Even if plaintiffs had a plausible theory of how the Assignment was notarized after being recorded, they still cite no authority that a discrepancy in the dates of a deed's execution and acknowledgement constitutes *prima facie* evidence of fraud, or otherwise invalidates the deed.  In fact, Michigan law accords little significance to the date of a deed. *See Munroe v. Eastman*, 31 Mich. 283, 286 (1875) ("The date of a deed is not very important; the acknowledgment authenticates the instrument").

Finally, plaintiffs' notary fraud argument fails for yet another reason: as discussed below, defendant was not required to record the Assignment.  Whether the Assignment was properly notarized – and the Court finds it was – is thus irrelevant to defendant's ability to foreclose.

### 4. Mortgages acquired by merger are not subject to Michigan's recording requirement

Plaintiffs argue that "BAC Home Loan mortgage" acquired plaintiffs' mortgage from "Countrywide" by merger, but failed to record

14

the mortgage, as required by Michigan law.  Consequently, defendant did not acquire the mortgage when it merged with BAC, and the foreclosure was thus invalid.

Plaintiffs rely on an unpublished Michigan Court of Appeals decision, *Federal Home Loan Mortg. Ass'n v. Kelley*, No. 315082, 2014 WL 2871397 (June 24, 2014) (*Kelley I*) for the position that a mortgage acquired by merger is subject to Michigan's recordation requirement at Mich. Comp. Laws § 600.3204(3).  That decision, however, is no longer good law.  The Court of Appeals vacated *Kelley I* on reconsideration and, in a published decision, declined to reach the issue of whether a mortgage acquired by merger is subject to § 600.3204(3).  *Federal Home Loan Mortg. Ass'n v. Kelley*, 306 Mich. App. 487, 500-501 (2014).[2]

In fact, the Michigan Court of Appeals has consistently held that mortgages acquired by merger are <u>not</u> subject to § 600.3204(3).  *Angela Sinacola Living Trust v. PNC Bank, N.A.*, No. 317481, 2014 WL 6088076, at *4-5 (Mich. Ct. App. Nov. 13, 2014); *Sheena v. Bank of America, N.A.*, No. 312866, 2014 WL 1268615, at *2 (Mich. Ct. App.

---

[2] The Court of Appeals reversed the Circuit Court on other grounds, holding that the foreclosure was not void because the defendants had failed to allege prejudice resulting from the alleged irregularity in the foreclosure proceedings.  *Id.*

Mar. 27, 2014); *Gray v. CitiMortgage, Inc.*, No. 312971, 2013 WL 2495115, at *3 (Mich. Ct. App. June 11, 2013).

Plaintiffs also rely on *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98 (2012). That reliance is misplaced, as *Kim* dealt with the application of § 600.3204(3) to a mortgage acquired by asset purchase agreement, not by merger.

Even if plaintiffs were correct that BAC acquired the mortgage by merger with Countrywide[3], BAC was not required to record its interest in the mortgage. Likewise, if, as plaintiffs maintain, defendant acquired the mortgage by merger with BAC, defendant was not required to record its interest in the mortgage.

5. <u>Plaintiffs' allegations of prejudice are untimely and insufficient</u>

To set aside a foreclosure sale, plaintiffs must show they were prejudiced by the foreclosing party's failure to comply with the statute

---

[3] Plaintiffs argue that "BAC Home Loan Mortgage" acquired the mortgage by merger with "Countrywide." But the original Lender here - Countrywide Bank - did not merge with "BAC Home Loan Mortgage." Rather, it merged with defendant on April 27, 2009. Federal Deposit Insurance Corporation, BankFind, http://research.fdic.gov/bankfind/detail.html?bank=33143&name=Countrywide Bank, FSB&searchName=COUNTRYWIDE BANK, FSB&searchFdic=&city=&state=&zip=&address=&searchWithin=&activeFlag=&tabId=1 (last updated Mar. 25, 2015).

governing nonjudicial foreclosure.  *Kim*, 493 Mich. at 115.  That is, plaintiffs must show "that they would have been in a better position to preserve their interest in the property absent [the foreclosing party's] noncompliance with the statute."  *Id.* at 115-16.  Relevant factors in determining prejudice include:

> whether plaintiffs were misled into believing that no sale had been had; whether plaintiffs act[ed] promptly after [they became] aware of the facts on which they based their complaint; whether plaintiffs made an effort to redeem the property during the redemption period; whether plaintiffs were represented by counsel throughout the foreclosure process; and whether defendant relied on the apparent validity of the sale by taking steps to protect its interest in the subject property.

*Kim*, 493 Mich. at 121.

As the Court noted in its Opinion and Order, plaintiffs failed to allege prejudice that would justify setting aside the foreclosure and sale.  (Dkt. 24, Opinion and Order 20-23.)  Plaintiffs attempt to remedy that failure by now asserting that they "will be prejudiced because the defendants will be allowed to take plaintiffs [*sic*] property although they did not fulfill all statutory requirements which is contractual by nature [*sic*]."  (Dkt. 25, Pls.' Mot. 11-12.)  Such a vague and general allegation

of prejudice does not meet the standard established in *Kim*. If it did, every plaintiff would meet the standard by simply pleading a claim of wrongful foreclosure.

Plaintiffs also allege, again for the first time, that they are subject to double liability on the Note because of the allegedly invalid Assignment. In support, plaintiffs attach a notice from Ocwen Loan Servicing, LLC to Mr. Lawson, dated June 18, 2013, and an Annual Escrow Account Disclosure Statement from Ocwen to Mr. Lawson, dated July 3, 2014. (Dkt. 25-7, Ex. F to Pls.' Mot.)

As discussed above, plaintiffs have failed to allege facts stating a plausible claim that the Assignment is invalid. Even if the assignment were invalid, and even if the Ocwen notices were properly considered here (see above), plaintiffs have still failed to raise plausible allegations of prejudice.

The June 18, 2013 notice concerns a change in the interest rate on a "Loan Number: 7110710832." (Dkt. 25-7, Ex. F to Pls.' Mot. 2.) It is unclear whether this notice concerns the same loan secured by the Note and Mortgage: the notice does not give a property address to which the

18

loan pertains, and the loan number differs from the loan number in other documents concerning the Note and Mortgage. (Compare id. with Dkt. 25-3, Ex. D to Pls.' Mot.) The notice also does not seek payment from plaintiffs. The July 3, 2014 Escrow Account Statement solely concerns the negative escrow balance resulting from plaintiffs' failure to make insurance and city tax payments on the Property. (See Dkt. 25-7, Ex. F to Pls.' Mot. 3-7.) Those payments are not payments owed on the Note, and thus do not support an allegation of double liability on the Note.

### III. Plaintiffs must show cause, in writing, why their claims against defendant Saxon Mortgage Services, Inc. should not be dismissed

Fed. R. Civ. P. 4(m) provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Plaintiffs filed their amended complaint on May 19, 2014. (Dkt. 11.) More than 120 days have elapsed since the filing of the amended complaint, and nothing in the record indicates that Saxon has been served. Plaintiffs must therefore show cause in writing, by May 11,

19

2015, why their claims against Saxon should not be dismissed under Rule 4(m).

## IV.  Attorney David Chasnick must show cause, in person, why he should not be sanctioned for violation of Fed. R. Civ. P. 11(b)

On page 7 of their motion, plaintiffs accuse the Court of fraud:

> [I]n this case, the court is attempting to justify the defendants [*sic*] actions based on incorrect legal standards, misapplying the correct legal standard, and relying upon clearly erroneous findings of fact.  The court relies on Mich. Comp. Laws § 565.201(4), but yet totally bypassed the requirements MCL 565.10 [*sic*], in an attempt to aid and abet the Defendants' FRAUD.

(Dkt. 25, Pls.' Mot. Recon. 7.)  It is one thing to say that the Court's analysis was wrong.  It is quite another to say that the Court intentionally assisted in the commission of fraud.

> Under Fed. R. Civ. P. 11(b),
>
> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for

20

extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

The sole basis for the Court's alleged attempt to aid and abet fraud is that the Court did not address a statutory provision – namely, Mich. Comp. Laws § 565.10 – that plaintiffs only raised for the first time in this motion. (*Compare* Dkt. 25, Pls.' Mot. Recon. 6-7, *with* Dkt. 11 and Dkt. 20, *passim*.)

Plaintiffs make no effort to show that a court's failure to address a statutory provision not raised by the parties constitutes aiding and abetting fraud, as a matter of law. Plaintiffs state no facts establishing the Court's alleged intent to assist in fraud. Accordingly, plaintiff's counsel, David Chasnick, is ordered to show cause, in person, why he should not be sanctioned under Fed. R. Civ. P. 11(c)(3) for violation of Rule 11(b); specifically, for making a legal contention that is not warranted by existing law, and for making factual contentions that lack evidentiary support.

## V.    Conclusion

21

For all of the reasons set forth above, plaintiffs' Motion for Reconsideration (Dkt. 25) is DENIED;

Plaintiffs must show cause, in writing, by **May 11, 2015**, why their claims against Saxon should not be dismissed under Fed. R. Civ. P. 4(m); and

Plaintiffs' counsel David Chasnick must show cause, in person, on **May 12, 2015 at 11:00 A.M. in Ann Arbor**, why he should not be sanctioned for violation of Fed. R. Civ. P. 11(b).

IT IS SO ORDERED.

Dated: April 24, 2015      s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
                                  United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 24, 2015.

                                  s/Felicia M. Moses
                                  FELICIA M. MOSES
                                  Case Manager